CDF LABOR LAW LLP
  Todd R. Wulffson, State Bar No. 150377
  twulffson@cdflaborlaw.com
  Ashley A. Halberda, State Bar No. 272762
  ahalberda@cdflaborlaw.com
  Alessandra C. Whipple, State Bar No. 308348
  awhipple@cdflaborlaw.com
  Emily Gifford, State Bar No. 335035
  egifford@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 622-1661

Attorneys for Defendant
LUMENIS, INC.

HOYER & HICKS
  Richard A. Hoyer, State Bar No. 151931
  rhoyer@hoyerlaw.com
  Ryan L. Hicks, State Bar No. 260284
  rhicks@hoyerlaw.com
  Nicole B. Gage, State Bar No. 318005
  ngage@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94114
Telephone: (415) 766-3539

Attorneys for Plaintiff
JENNIFER SMITH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENNIFER SMITH,<br><br>   Plaintiff,<br>   vs.<br><br>LUMENIS, INC. and DOES 1-25,<br><br>   Defendants. | Case No. 5:21-cv-08498-EJD<br><br>Assigned for All Purposes To:<br>Judge: Edward J. Davila<br>Ctrm: 4<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 28, 2022<br>Time: 10:00 a.m.<br>Ctrm: 4<br><br>Action Filed: November 1, 2021 |

JOINT CASE MANAGEMENT STATEMENT

CDF Labor Law LLP

1969561.1

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT and Rule 26(f) Report pursuant to the *Standing Order for All Judges of the Northern District of California,* Civil Local Rule 16-9, and FRCP 26(f).

1. Jurisdiction & Service

Jurisdiction is founded upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy is over $75,000. Plaintiff is a citizen of the State of California, while Defendant is a citizen of Israel and Delaware. This Court has supplemental jurisdiction over Plaintiff's California state claims pursuant to 28 U.S.C. § 1367.

Jurisdiction is also founded upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This action arises under the Family Medical Leave Act, 29 U.S.C. § 2601, as well as the Americans with Disabilities Act.

Essentially all events giving rise to Plaintiff's claims arose in the County of Santa Clara, California, and Defendants actively conduct business in California. Therefore, the proper venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2). All known parties have been served.

2. Facts

Plaintiff

Plaintiff Jennifer Smith worked as a Sales and Marketing Manager in the Service Contract Inside Sales team for Lumenis and is known within the company and amongst her peers as an outstanding performer.

Unfortunately, when Ms. Smith was diagnosed with an aggressive autoimmune disease and lymphedema and required an accommodation to treat her disability, Lumenis failed to accommodate Ms. Smith by not allowing her to take intermittent FMLA leave per her doctor's orders, without providing any justification for why such accommodation would cause an undue

1969561.1

hardship. Lumenis also failed to engage in a good faith interactive process with Ms. Smith to determine reasonable accommodations that would allow her to perform her job duties, and ignored Ms. Smith each time she asked to discuss potential accommodations.

The company discriminated and retaliated against Ms. Smith on the basis of her disability, and for taking leave, by holding her to different standards than others, disciplining her, demoting her to a sales position, decreasing her compensation, and warning her that she was underperforming while she was on approved medical leave.

<u>Defendant</u>

Defendant denies Plaintiff's allegations, asserts numerous affirmative defenses, and disputes liability and damages.

3. <u>Legal Issues</u>

<u>Plaintiff</u>

Ms. Smith alleges violations of the Family and Medical Leave Act ("FMLA"), the California Family Rights Act ("CFRA"), retaliation in violation of Labor Code § 1102.5, and various violations of the Fair Employment and Housing Act ("FEHA"), including disability discrimination, retaliation, failure to engage in the interactive process, and failure to accommodate.

4. <u>Motions</u>

There are no pending motions. The parties anticipate the possibility of bringing motions in limine prior to trial, although neither party can anticipate the grounds for those motions at this time. If a discovery dispute arises that the parties do not resolve through the meet and confer process, the parties may bring discovery motions. Defendant reserve the right to file a dispositive motion.

5. <u>Possible Joinder of Additional Parties</u>

Barring some unforeseen development or defense yet to be raised by Defendants, Plaintiffs do not anticipate naming additional parties at this time.

6. Amendment of Pleadings

The parties do not expect to add or dismiss any claims or defenses.

7. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stores Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

8. Anticipated Discovery and Scheduling of Discovery (Rule 26(f) Report)

    1. **Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made?**

Plaintiff served Defendant with its General Order 71 disclosures on January 25, 2022. Defendant served Plaintiff with its General Order 71 Disclosures on March 14, 2022.

    **2. Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited or focused on particular issues.**

The parties have agreed to early mediation through JAMS and are in the process of selecting a mediator. If the mediation is unsuccessful, the parties will meet and confer regarding the scope of discovery and anticipated non-expert discovery completion.

    **3. Rule 26(f)(3): Any issues relating to the disclosure of electronically store information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information ("ESI"). The parties engaged in a "litigation hold" on all potentially-relevant materials. The parties will produce ESI in its native format when possible and if practicable and meet and confer regarding any potential issues as they arise.

///

**4. Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the Court to include their agreement in the order.**

In light of the fact that disclosure of personal, confidential information may become necessary in this case, the parties will work to create a stipulated Protective Order in the near future.

**5. Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed?**

The parties do not currently anticipate any other changes to the limitations on discovery proposed by the Federal Rules of Local Rules at this time.

**6. The timing and disclosure of expert witnesses and information and information required by Rule 26(a)(2):**

As the parties are in the process of selecting a mediators through JAMS, and do not yet have a date when the mediation will be conducted, the parties are unable to determine a date by which expert disclosures will be conducted. Both parties agree to revisit this question if efforts to mediate fail.

**7. Proposed Date by Which All Non-Discovery Motions Shall Be Filed:**

The parties propose that all non-discovery motions be filed on or before the Pretrial Conference to be set by the Court, with the exclusion of the any dispositive motions.

**8. Proposed Dates for Pretrial Conference and Trial:**

As the parties are in the process of selecting a mediator through JAMS, and do not yet have a date when the mediation will be conducted, the parties are unable to determine a date for trial and related deadlines. That said, the parties do expect to conduct the mediation in the next three months, depending on the availability of the selected mediator. Any trial would need to take place at least one year post-mediation to allow for sufficient time to complete non-expert and expert

discovery and for either party to file and have any dispositive motion heard and ruled upon prior to trial. Both parties agree to revisit this question if efforts to mediate fail.

**9. Appropriateness of Special Procedures Such as Reference to a Special Master or Agreement to Try the Matter before a Magistrate Judge Pursuant to 28 U.S.C. § 636(c):**

The parties do not consider any special procedures to be appropriate at this time.

**10. Proposed Modification of Standard Pretrial Procedures due to the Special Nature of the Case:**

No such modifications are necessary at this time.

**11. Whether the Case is Related to Any Other Case, Including Any Matter Involving Bankruptcy:**

The parties are aware of no related cases.

**12. Prospects for Settlement, Including Whether a Settlement Conference Should be Scheduled:**

There were no substantive pre-litigation settlement negotiations. That said, the parties have agreed to participate in mediation, and are in the process of selecting a mediator through JAMS.

**13. Any Other Matters that May be Conducive to the Just and Expeditious Disposition of the Case, Including Whether Counsel Will Waive any Disqualification and Stipulate to the Trial Judge Acting as a Settlement Judge:**

At this time the parties will not stipulate to the trial judge acting as a settlement judge but do not foreclose doing so if appropriate at a future date.

9. <u>Class Actions</u>

This case is not a class action.

10. <u>Relief</u>

Plaintiff seeks economic damages in excess of $75,000, in an exact amount to be determined. Plaintiff also seeks emotional distress damages, and exemplary or punitive damages.

11. <u>Consent to Magistrate Judge For All Purposes</u>

Yes.

12. Narrowing of Issues

It is unknown at this time whether issues can be narrowed by agreement. If the case does not resolve through mediation or other ADR process, the parties agree to meet and confer as appropriate with regard to narrowing of the issues, stipulations, and other matters prior to trial.

13. Expedited Trial Procedure

This case is not appropriate for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

14. Disclosure of Non-party Interested Entities or Persons

Pursuant to Civil L.R. 3-15, Plaintiff certifies that as of this date, other than the named Plaintiff, there is no such interest to report.

15. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

16. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

The parties have agreed to participate in mediation to be administered through JAMS and to take place in the next three months (dependent on mediator availability), which may result in the resolution of this matter, after which if unsuccessful the parties will further meet and confer regarding trial dates and related deadlines.

Dated: April 18, 2022          CDF LABOR LAW LLP


                               By:  *s/ Todd R. Wulffson*
                                        Todd R. Wulffson
                               Attorneys for Defendant
                               LUMENIS, INC.

Dated: April 18, 2022          HOYER & HICKS


                               By:  *s/ Richard A. Hoyer*
                                        Richard A. Hoyer
                               Attorneys for Plaintiff
                               JENNIFER SMITH

1969561.1

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 800, Irvine, CA 92612. On April 18, 2022, I served upon the interested party(ies) in this action the following document described as: JOINT CASE MANAGEMENT STATEMENT

By the following method:

HOYER & HICKS
Richard A. Hoyer, Esq.
Ryan L. Hicks, Esq.
Nicole B. Gage, Esq.
Christina England, Esq.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94114

Tel:  (415) 766-3539

FAX: (415) 276-1738
E-MAIL: rhoyer@hoyerlaw.com
rhicks@hoyerlaw.com
ngage@hoyerlaw.com
cengland@hoyerlaw.com

For processing by the following method:

[X]  **(By court order)**  Based on a court order to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 18, 2022, at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

|   Marina Ortega   |   *s/ Marina Ortega*   |
|---|---|
| (Type or print name) | (Signature) |